

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Z. D. Allen
District Attorney
Wichita Falls, Texas

Dear Sir:

Opinion No. O-2156

Re: Where a permit has been granted to a person to handle liquor as a package store and the place of business is within 300 feet of a church, which is the proper remedy to pursue, that is, under Section 12-a of the Liquor Control Act for cancellation of the permit or under Section 29 for an injunction as a nuisance? And related questions.

Your request for an opinion of this department on the questions as are herein stated has been received.

The questions presented in your inquiry are as follows:

"1. Where a permit has been granted to a person to handle liquor as a package store and the place of business is within 300 feet of a church, which is the proper remedy to pursue, that is, under Section 12-a for cancellation of the permit or under Section 29 for an injunction as a nuisance?

"2. Under the facts above stated, is the east door of the Salvation Army Building considered a front door?

"3. Can the liquor dealer rearrange the front door to his building, that is, set it back from the sidewalk, and thus evade the provisions of this phase of the law, or in that instance, should the measurements go to where his front door would be had he not changed it for that purpose?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Z. D. Allen, Page 2

The facts as set out in your letter are as follows:

"The Salvation Army Building has two stories. The lower floor is composed of the Chapel. There is what is known as the West door leading to this Chapel directly from the street. However, this door is closed with the exception of probably in the hot summer months, when it is opened for ventilation principally. There is an east door which leads into a hallway from which another door leads into the Chapel which is the main entrance to this Chapel and this door is used practically all of the time. From this hall, there is a stairway which leads to the second story on which are the offices of the Salvation Army Headquarters, where the sermons are prepared and other church activities, together with the charitable division of the Salvation Army are carried on. The liquor dealer in question has rearranged the building that he secured the permit for, and in order to be more than the 300 feet from this church, cut part of the front of his building, and has set the door back from the street several feet, in order to evade this phase of the law. A diagram or plat of the Salvation Army together with this liquor establishment is attached hereto for your information."

Article 666-25a of Vernon's Penal Code reads as follows:

"The commissioners' court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersection where they occur."

Honorable E. D. Allen, Page 3

Article 666-12 of Vernon's Penal Code specifically specifies the grounds upon which cancellation or suspension of a permit is authorized and reads in part as follows:

"(2) That the permittee has violated any provision of this Act or any rule or regulation of the Board at any time.

"(6) That the place or manner in which applicant conducts his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit."

Article 666-25a, supra, provides in effect that the commissioners' court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital. Where the sale of alcoholic beverages has been prohibited by the commissioners' court of any county or by any incorporated city or town by any dealer where the place of business of such dealer is within three hundred (300) feet of any church, public school or public hospital, the sale of alcoholic beverages within the prohibited distance would be a violation of law. Article 666-12, supra, authorizes the cancellation or suspension or a permit where the permittee has violated any provision of the Liquor Control Act or any rule or regulation of the Board at any time, or whether the place or manner in which the applicant conducts his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit.

In view of the foregoing statutes, in reply to your first question, you are respectfully advised that it is the opinion of this department that where a permit has been granted to a person to handle liquor as a package store and the place of business is within three hundred (300) feet of a

Honorable Z. D. Allen, Page 4

church, public school or public hospital, according to the measurements set forth in Article 666-25a, the adequate and proper procedure would be to make application for cancellation of the permit of the business operating within the prohibited distance or area.

With reference to your second question, it was held in our opinion No. 0-2062 that the "east door" described in your letter, was not a part of the chapel and was not a "front door" of the chapel. The facts presented and considered in opinion No. 0-2062, supra, were different from the facts set out in your inquiry. However, under the definition of a "front door" as stated in opinion No. 0-2062 and the facts here under consideration, we are of the opinion that the above mentioned and described "east door" is a "front door" of the Salvation Army Building.

Answering your third question, you are respectfully advised that it is our opinion that if the front door of the respective buildings are more than three hundred (300) feet apart, according to the system of measurement outlined by the statute, the liquor package store would not be within the prohibited distance. There is no statute which prohibits a liquor dealer from rearranging the front door of his building and he has the legal right and authority to place such door where he desires, provided, of course, he does not infringe upon the property rights of others. The measurements should be from front door to front door as they are actually situated and not from the place where such door or doors might or could have been situated.

Trusting that the foregoing fully answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED APR 25, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE